IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : <br> : <br> : <br> :     Case No. 1:25-cv-00623 <br> : <br> Plaintiff    :     (Judge Wilson) <br> : <br> v.                   : <br> : <br> PINE CREEK STRUCTURES, INC.,    : <br> and AMOS STOLTZFUS,         : <br> : <br> Defendants.    : <br> : |

# DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants Pine Creek Structures, Inc. ("Pine Creek") and Amos Stoltzfus (together, the "Defendants") answer Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor's ("Plaintiff" or the "Secretary") Complaint and assert a counterclaim as follows:

## ANSWER

1. Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

2. Admitted.

1

3. Admitted in part and denied in part. Defendants admit that Pine Creek has production facilities in Spring Glen at 34 Quaker Drive, Hegins, PA 17938 and Berrysburg at 6140 State Route 22, Elizabethville, PA 17023, and that some of Pine Creek's employees are younger than 18. Defendants deny that these employees are children. Defendants admit that employees younger than 18 performed various tasks to assist with processing wood products. The remainder of this paragraph is vague and ambiguous and is therefore denied.

4. Admitted only that Amos Stoltzfus is the majority owner of Pine Creek and resides in Sacramento, PA 17968, that he directed employment practices and has acted directly or indirectly in the interest of Pine Creek in relation to its employees, that he manages daily operations and recruiting, accepting, and hiring employees, that he regulated the employment of persons employed by Pine Creek, and that he acted directly and indirectly in Pine Creek's interest in relation to the employees. The allegations that Stoltzfus is within the jurisdiction of this Court and that he is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA") are conclusions of law to which no response is required. To the extent deemed otherwise, those allegations are denied.

5. This paragraph contains a conclusion of law to which no response is required. To the extent deemed otherwise, denied.

6. The allegations in the first, second, and third sentences of this paragraph are admitted, with the exception that Defendants deny that any of Pine Creek's employees are "children." The final sentence contains a conclusion of law to which no response is required. To the extent deemed otherwise, denied.

7. This paragraph consists of conclusions or statements of law to which no response is required. To the extent deemed otherwise, denied.

8. This paragraph contains conclusions or statements of law to which no response is required. To the extent deemed otherwise, denied.

9. Admitted only that Defendants paid at least some of their minor employees in cash, as allowed by 29 C.F.R. § 531.27(a). Denied that Defendants did not document these payments. The remaining allegations in this paragraph are conclusions or statements of law to which no response is required. To the extent deemed otherwise, denied.

Denied that Plaintiff is entitled to any of the relief sought in its prayer for relief. Defendants ask this Court to enter judgment in their favor and against Plaintiff, as well as all other relief this Court deems appropriate.

## AFFIRMATIVE DEFENSES

10. Defendants incorporate their Answers to Paragraphs 1 through 9 of the Complaint.

11. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

12. Plaintiff's Complaint fails because Defendants are Amish and the principle of "learning by doing" is central to the Amish faith, as recognized in *Wisconsin v. Yoder*, 406 U.S. 205, 211 (1972). Should this Court find that Defendants have violated the FLSA and its accompanying regulations in the manner described by Plaintiffs, Defendants assert that the application of the FLSA and its regulations in that manner violate the Free Exercise Clause of the First Amendment of the United States Constitution.

13. Similarly, the application of the FLSA and its regulations against Defendants in this manner violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. "Learning by doing" is a central belief of the Amish faith. Upon graduation from the eighth grade, Amish youth are considered adults in their religious community and join the community by learning a trade and/or vocation. Application of the FLSA in this way substantially burdens Defendants' exercise of that sincere religious belief and is not the least restrictive means of serving a compelling government interest. Pursuant to 42 U.S.C. § 1988(b), Defendants reserve the right to seek reasonable attorney's fees incurred in defending against Plaintiff's Complaint.

14. The regulations relied upon by the Department of Labor in this case are vague and ambiguous.

15. The Department of Labor's interpretations of the regulations it relies upon in this case are not reasonable.

16. The Department of Labor's regulations that it relies upon in this case are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and violate the Administrative Procedures Act.

17. Defendants reserve the right to assert additional Affirmative Defenses as the matter proceeds.

## COUNTERCLAIM
### Violation of the Religious Freedom Restoration Act
### (42 U.S.C. § 2000bb *et seq.*)

18. Defendants incorporate Paragraphs 1 through 17.

19. Defendant Amos Stoltzfus is a member of the Amish religious community.

20. Defendant Pine Creek is an Amish company and is also part of the Amish religious community.

21. The Amish believe that formal education is not necessary after the eighth grade.

22. In the Amish religion and community, minors graduate school at the end of the eighth grade—at roughly 14 years of age—and are considered adults in the community.

23. Instead of continuing with a formal education, Amish youth learn a vocation or trade by working closely with older members of the Amish church and community, learning either from family members or from other members of the church.

24. The youth then use those skills to give back to the Amish community, either by starting their own businesses or companies or by continuing at their current place of employment. In either case, these new adult members of the community educate new generations of Amish youth, just as they were taught.

25. This practice is known as the Amish tradition of "learning by doing" and is central to the Amish religion and way of life. *Yoder*, 406 U.S. at 211.

26. Learning from older members of the community upon graduation from the eighth grade and then teaching subsequent generations of Amish youth helps sustain the Amish faith and way of life.

27. All of Pine Creek's minor employees graduated the eighth grade as members of the Amish church.

28. All of Pine Creek's minor employees are exempt from compulsory education following the completion of the eighth grade. *Yoder*, 406 U.S. at 234-35.

29. All of Pine Creek's minor employees are supervised by adult employees who are also members of the Amish church and community.

30. All of Pine Creek's minor employees work at Pine Creek with the blessing of their parents, who signed a permission slip acknowledging their approval of the minor's employment.

31. Pine Creek produces its products at carpentry shops in Spring Glen, at 34 Quaker Drive, Hegins, PA 17938, and Berrysburg, at 6140 State Route 225, Elizabethville, PA 17023 (the "Carpentry Shops").

32. In Pine Creek's Carpentry Shops, Pine Creek employees use machinery to process wood products for sheds and other shed-like products such as chicken coops and dog kennels.

33. At Pine Creek, minors learn valuable vocational skills including carpentry and painting.

34. They learn to produce portable sheds, garages, and other outdoor structures including chicken coops and dog kennels.

35. Pursuant to the Amish faith and tradition, to properly learn to produce these items, the Amish youth must learn by *doing*.

36. Currently Pine Creek's 14- and 15-year old employees are supervised by adult members of the Amish church when working in the Carpentry Shops, use personal protective equipment, and are prohibited from working in areas where they

could be hit with wood particles or other debris. These employees all graduated the eighth grade as members of the Amish community, are exempt from compulsory education, and currently have a start time later than 7:00 a.m.

37. Pine Creek's 16- and 17-year old employees move on to learn Pine Creek's trades by doing. They are also supervised by adult members of the Amish church, and are also exempt from compulsory education requirements. These employees operate power machinery including such equipment as chop saws, nail guns, and powered scaffolding. They do so only under the supervision of other members of the Amish church, who are responsible for the safety and well-being of these employees. The 16- and 17-year old employees are never the sole operator of these pieces of equipment for an extended period of time and are only permitted to operate that equipment as necessary to further their education. Becoming proficient at operating these types of equipment is crucial to the Amish practice of "learning by doing."

38. The Religious Freedom Restoration Act ("RFRA") prohibits the government from substantially burdening a person's exercise of religion—even if the burden results from a rule of general applicability—unless the government demonstrates that application of the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000bb-1.

39. The RFRA affords a cause of action for those whose religious exercise has been so burdened. 42 U.S.C. § 2000bb-1(c).

40. Congress intended the RFRA to be "construed in favor of a broad protection of religious exercise, to the maximum extent permitted[.]" *Davis v. Wigen*, 82 F.4th 204, 211 (3d Cir. 2023).

41. The practice of "learning by doing" is a central part of the Amish faith. *Yoder*, 406 U.S. at 211.

42. The Secretary attempts to stifle this religious practice in various ways by declaring that Defendants engage in oppressive child labor and enforcing the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants in a manner that violates the RFRA.

43. First, the Secretary and the Department of Labor insist that Pine Creek's 14- and 15-year old employees may not work more than 3 hours per day or 18 hours per week when school is in session, and may not work before 7 a.m. or after 7 p.m. pursuant to 29 C.F.R. §§ 570.35(a)(3), (5), (6).

44. This substantially burdens the Amish practice of learning by doing because it ignores that Amish youth graduate from school at the end of the eighth grade, are exempt from compulsory education beyond the eighth grade, and are considered adults in their community. If Amish 14- and 15-year olds are limited to

9

working 3 hours per day and 18 hours per week, they will not be able to learn the skills necessary to be successful members of the Amish church and community.

45. Second, the Secretary and the Department of Labor prohibit Pine Creek's 14- and 15-year old employees from working in Pine Creek's Carpentry Shops. The Secretary claims that the Carpentry Shops are manufacturing facilities within the meaning 29 C.F.R. § 570.33(a) and so employment of 14- and 15-year olds in these facilities constitutes oppressive child labor.

46. By labeling them manufacturing facilities and prohibiting 14- and 15-year old employees from being present in Pine Creek's Carpentry Shops, the Secretary substantially burdens the Amish practice of learning by doing. Pine Creek has taken steps to ensure the safety of these employees in the Carpentry Shops. They are not to operate power equipment, must wear protective gear, must remain in places they cannot be hit by debris, and they are supervised at all times by members of their church. Barring them from stepping foot in the Carpentry Shops prevents them from learning their vocation altogether.

47. Third, the Secretary prohibits Pine Creek's 16- and 17- year olds from using certain pieces of equipment, declaring them to be power-driven woodworking machines within the meaning of 29 C.F.R. § 570.55 or power-driven hoisting apparatuses within the meaning of 29 C.F.R. § 570.58.

48. By preventing Pine Creek's 16- and 17-year old employees from handling these pieces of equipment in any way, the Secretary substantially burdens Defendants' exercise of their religion. Specifically, this prohibition substantially burdens the Amish practice of learning by doing. It is crucial that Amish youth learn to be proficient with these machines as part of their vocational education. Pine Creek has taken steps to ensure the safety of these employees as well: they are only permitted to use power machinery under the supervision of another member of the Amish church, they are never to be the sole operator of these machines for an extended period of time, and they are only permitted to operate the equipment as necessary to further their education. An outright prohibition on 16- and 17-year olds using these types of equipment therefore substantially burdens Defendants' religious exercise.

49. The Secretary's interpretation and application of all the above regulations substantially burdens Defendants' sincere religious beliefs in the same way: the regulations remove the "doing" portion of the Amish belief in "learning by doing."

50. The Secretary may only substantially burden Defendants' exercise of religion if doing so is the least restrictive means of furthering a compelling government interest. *See* 42 U.S.C. § 2000bb-1.

51. Even assuming that protecting children is a compelling government interest, enforcing the FLSA in this manner is not the least restrictive means of achieving that government interest. Many less restrictive means exist that would further that government interest and would not substantially burden Defendants' religious exercise.

52. Because the Secretary substantially burdens Defendants' religious exercise and that substantial burden is not the least restrictive means of achieving a compelling government interest, the Secretary has violated the RFRA.

53. Pursuant to 42 U.S.C. § 1988(b), Defendants seek reasonable attorney's fees.

WHEREFORE, Defendants request that this Honorable Court enter judgment in its favor and against Plaintiff, enter an Order declaring that application of the FLSA against Defendants in this way violates the RFRA, and award Defendants attorneys' fees pursuant to 42 U.S.C § 1988, costs, and other such relief as may be just and appropriate.

Respectfully Submitted,

Date: June 27, 2025

/s/ Kyle J. Davis
M. Jason Asbell, Atty. I.D. #304864
Kyle J. Davis, Atty. I.D. #335482
GIBBEL KRAYBILL & HESS, LLP
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606
717-291-1700 (T)

717-291-5547 (F)
*jasbell@gkh.com*
*kdavis@gkh.com*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system.

Date:  June 27, 2025

*/s/ Kyle J. Davis*
M. Jason Asbell, Atty. I.D. #304864
Kyle J. Davis, Atty. I.D. #335482
GIBBEL KRAYBILL & HESS, LLP
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606
717-291-1700 (T)
717-291-5547 (F)
*jasbell@gkh.com*
*kdavis@gkh.com*