IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>PINE CREEK STRUCTURES, INC., and<br>and AMOS STOLTZFUS,<br><br>Defendants. | Civ. No.: 1:25-cv-00623-JPW<br><br>Judge Jennifer Wilson |

## CONSENT JUDGMENT

This Consent Judgment resolves a civil action filed by Plaintiff Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("Department of Labor" or "Secretary") alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq* ("FLSA" or "Act") by Defendants Pine Creek Structures, Inc. ("Pine Creek Structures") and Amos Stoltzfus (hereinafter collectively referred to as "Defendants").

It is hereby ORDERED, ADJUDGED and DECREED that:

Defendants shall not, contrary to 29 C.F.R. § 570.33, suffer or permit to work minors who are 14 or 15 years of age in manufacturing plants, **except** as permitted by 29 C.F.R. § 570.34. The Secretary agrees that as of March 13, 2025

1

the Spring Glen Plant at 34 Quaker Drive, Hegins, PA 17938 and the Berrysburg Plant at 6140 State Route 225, Elizabethville, PA 17023, are places of business where machinery is used to process wood products within the meaning of Section 13(c)(7) of the FLSA, 29 U.S.C. § 213(c)(7) and 29 C.F.R. § 570.34(m). Employment of minors who are 14 or 15 years of age is only permitted in the Spring Glen Plant and/or the Berrysburg Plant if Defendants comply with the requirements in Section 13(c)(7) of the FLSA, 29 U.S.C. 213(c)(7), and 29 C.F.R. § 570.34(m), including but not limited to the requirements that:

　　i. Minors who are 14 or 15 years of age must be supervised by an adult relative or by an adult member of the same religious sect or division;

　　ii. Minors who are 14 or 15 years of age must not operate or assist in the operation of power-driven woodworking machines;

　　iii. Minors who are 14 or 15 years of age must be protected from wood particles or other flying debris within the workplace by a barrier appropriate to the potential hazard of such wood particles or flying debris or by maintaining a sufficient distance from machinery in operation; and

      iv. Minors who are 14 or 15 years of age must be required to use, and use, personal protective equipment to prevent exposure to excessive levels of noise and saw dust.

2. Defendants shall not, contrary to 29 C.F.R. § 570.55, suffer or permit to work minors who are under 18 years of age in occupations involved in the operation of power-driven woodworking machines, such as chop saws or nail guns, **unless** the minor is, pursuant to 29 C.F.R. § 570.55, an apprentice employed pursuant to an apprenticeship program that complies with the requirements in 29 C.F.R. §§ 570.50(b) or a student learner in (c). The parties understand that Defendants operate a youth training program at their workshops and the Department will, upon request, provide assistance in navigating the apprenticeship exemption-application process.

      i. Subject to any applicable exemptions, Defendants shall not suffer or permit to work minors who are 14 or 15 years of age for hours in violation of the standards set forth in 29 C.F.R. § 570.35. The Department does not intend to pursue any wage-and-hour violations against Defendants based solely upon an allegation that a 14-to-15-year-old has worked more than three hours per day or eighteen hours per week while school is in session or commenced

work prior to 7 a.m. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at the Spring Glen Plant at 34 Quaker Drive, Hegins, PA 17938, the Berrysburg Plant at 6140 State Route 225, Elizabethville, PA 17023, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c), 215(a)(5) and found at 29 C.F.R. Part 516.

3. Plaintiff's Complaint and Motion for Preliminary Injunction, including but not limited to its request for a hot goods injunction, is dismissed.

4. Defendants' counterclaim is dismissed.

It is FURTHER ORDERED, ADJUDGED and DECREED that:

1. Defendants agree that they are employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

2. Regarding the matter of the civil monetary penalty, Defendants have agreed that the amount currently due and payable is $2,000, that they are

jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of Labor, and that Defendants waive any and all rights to appeal or contest such assessment. As such, Defendants shall pay, pursuant to Section 16(e) of the FLSA, a civil monetary penalty in the amount of $2,000 no later than thirty days (30) days after the entry of this Consent Judgment. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov. Alternatively, payment may be made by certified check, bank check, or money order payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the United States Department of Labor, Wage and Hour Division, Northeast Regional Office, 1835 Market Street, 19th Floor, Mailstop WHD/19 Philadelphia, PA, 19103-2968.

3. By entering into the Consent Judgment, the Secretary does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action with respect to any violations disclosed by such investigations.

4. To the extent any of the specific above-referenced statutes or child labor regulations are amended in the future to impose narrower obligations

upon employers, Defendants' obligation under this consent judgment to comply with such statutes or regulations shall be narrowed accordingly.

It is STILL FURTHER ORDERED, ADJUDGED and DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and the Equal Access to Justice Act, as amended, 28 U.S.C. §2412.

BY THE COURT:

_____
Judge Jennifer Wilson

Dated: November 24, 2025

Entry of this Consent Order and Judgment is Hereby Consented to:

For Defendants:

*[signature]*

M. Jason Asbell
Partner
PA Bar No. 304864

Gibbel Kraybill & Hess, LLP
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606

Attorneys for Defendants

For the Secretary:

Jonathan Berry
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

*[signature]*

Austin S. Brunson
Trial Attorney
PA Bar No. 315931

*[signature]*

Monica W. Hanratty
General Attorney
DC Bar No. 90027861

U.S. Department of Labor
Office of the Solicitor, Region III
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
215-861-4843
215-861-5162 (fax)
Brunson.Austin.S@dol.gov
Hanratty.Monica@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor